FILED
2015 Apr-06  AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **JUSTIN SHANE JENKINS,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **Case No.: 4:14-CV-2137-VEH** |
| ] | |
| **CITY OF ATTALLA, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## <u>MEMORANDUM OPINION</u>

## I.    Introduction and Procedural History

On November 3, 2014, Plaintiff Justin Shane Jenkins ("Mr. Jenkins"), who is proceeding *pro se*, initiated this civil rights lawsuit against four defendants. (Doc. 1). Mr. Jenkins's case is about his arrest which he contends improperly occurred without probable cause on or about November 2, 2012, by City of Attalla Police Officers Eric P. Hawkins ("Mr. Hawkins") and Steven W. Alexander ("Mr. Alexander"). (*See generally* Doc. 1).

On January 5, 2015, the court dismissed Defendant Etowah County (the "County") from Mr. Jenkins's case. (Doc. 14). Subsequently, on January 9, 2015, the court dismissed the City of Attalla (the "City") and Mr. Hawkins due to Mr. Jenkins's failure to prosecute. (Doc. 15 at 5). As a result, the only defendant remaining in Mr. Jenkins's lawsuit is Mr. Alexander. (*See id.* ("Mr. Jenkins's claims brought against

Mr. Alexander are unaffected by this order and remain pending.")).

Although Mr. Jenkins named Mr. Alexander in his lawsuit, he has yet to perfect service on him. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Under Rule 4(m), the deadline to serve Mr. Alexander expired on March 3, 2015.

On March 9, 2015, the court entered an order directing Mr. Jenkins to show cause, no later than March 30, 2015, why his claims against Mr. Alexander should not be dismissed due to his failure to effectuate service. (*See* Doc. 16 at 1-2 ("Mr. Jenkins is directed to **show cause <u>in writing</u> by Monday, March 30, 2015** why this action against Mr. Alexander should not be dismissed for failure to prosecute.") (emphasis in original)).

Within this most recent show cause order, the court further cautioned Mr. Jenkins:

> **<u>Mr. Jenkins is expressly warned that his failure to timely respond in writing will result in an order dismissing his case against Mr. Alexander without prejudice</u>. <u>Further, with all other defendants having been previously dismissed by the court and no other claims remaining, if Mr. Jenkins does not timely respond to this show cause order relating to Mr. Alexander, this means that his entire lawsuit will be dismissed.</u>**

(Doc. 16 at 2 (emphasis in original)).

Mr. Jenkins did not file anything in response to the court's show cause order. Under such circumstances and as explained more fully below, the court concludes that Mr. Jenkins's case against Mr. Alexander is due to be dismissed without prejudice *sua sponte* as is the remainder of his action.

## II.    Analysis

As the foregoing procedural history reveals, Mr. Jenkins has neither complied with Rule 4(m) nor provided any explanation for this non-compliance. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Further, case law reinforces that, as a result of Mr. Jenkins's failure to comply with the show cause on service order or otherwise indicate an intent that he still wishes to pursue claims against Mr. Alexander (*e.g.*, such as by seeking an extension of time in which to perfect service on him), the court possesses the inherent power to dismiss his case against Mr. Alexander *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* Fed. R. Civ. P. 1 ("[These rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of its show cause order, Mr. Jenkins was put on notice that the court was considering whether to dismiss his claims against Mr. Alexander for lack of prosecution and, nonetheless, he ignored that warning and filed nothing.[1] "[A]

---

[1] Although related to different defendants, the court notes that Mr. Jenkins similarly filed nothing in opposition to the County's Motion To Dismiss, despite the court's entry of a specific scheduling order for briefing on that Motion because of Mr. Jenkins's *pro se* status. (Doc. 14 at 1). Mr. Jenkins also did not ever respond to this court's show cause order (Doc. 13) entered on December 9, 2015, pertaining to his deficient prosecution of the City and Mr. Hawkins. (Doc. 15 at 2).

plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of h[is] *pro se* status." *Moon*, 863 F.2d at 838 n.5 (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980));[2] *see also Moon*, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Guided by the foregoing legal framework, the court concludes that dismissing Mr. Jenkins's action against Mr. Alexander and the remainder of Ms. Jenkins's case "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, especially as Mr. Jenkins is representing himself. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Simply put, a "without prejudice" dismissal means that the merits of Mr. Jenkins's claims against Mr. Alexander, if any, are not barred from further litigation by such an order. Further, a "without prejudice" dismissal is consistent with the court's prior dismissal of the City and Mr. Hawkins for lack of prosecution. (Doc. 15 at 5).

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

### III.   CONCLUSION

Therefore, Mr. Jenkins's claims against Mr. Alexander are due to be dismissed without prejudice due to his failure to prosecute as provided for under the Federal Rules of Civil Procedure and the express requirements of this court's March 9, 2014, show cause order. Further, in the absence of any other claims pending and consistent with the court's unambiguous forewarning, the remainder of Mr. Jenkins's lawsuit is due to be dismissed without prejudice as well. The court will enter a separate order in conformance with this memorandum opinion.

**DONE** and **ORDERED** this 6th day of April, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge